UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHASHI HARRIS,

                    Petitioner,

                                         Case No. 11-14169

v.                                   Honorable David M. Lawson

MARY BERGHUIS,

                    Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Rhashi Harris, a Michigan prisoner, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state convictions for assault and firearms violations. After a Wayne County jury found him guilty, a circuit court judge imposed concurrent prison sentences topping out at 50 to 75 years. The petitioner's sole claim on habeas review is that he is entitled to relief because "new evidence shows perjury may have been committed by the forensic technician/expert witness" who testified at trial about gunshot residue evidence. Ptn. at 4. The Court finds from the petition and attachments that the petitioner is not entitled to relief. Therefore, the Court will deny the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts without requiring an answer from the respondent.

I.

The petitioner's convictions arise from a shooting on Clinton Street outside Tiffany's nightclub in Detroit, Michigan on April 12, 2003. The main factual question at trial was who fired the shots. One of the parking lot attendants on duty that night, Muhammad Shahib, testified that he observed the petitioner waiting in a blue van in a parking lot across the street from Tiffany's for 20 minutes before the shooting, he saw the petitioner emerge from the van with a rifle, and he saw the

petitioner standing in the parking lot across from Tiffany's with a rifle in his hand immediately before the shooting. Witnesses testified that multiple shots were fired, the shots appeared to be directed toward the victims' car, and shots ricocheted off the building near where people were standing. The perpetrators fled the scene and other people ran from the nightclub after the shooting. The police found 10 shell casings in the area of the parking lot where Shahib saw the petitioner with a rifle. William Steiner, a forensic chemist with the Detroit Police Crime Laboratory, testified that samples taken from the petitioner's hands and jacket tested positive for gunshot residue and samples taken from the other suspect's forehead, face, and jacket tested positive for gunshot residue. Those facts are derived from the petitioner's habeas brief and the Michigan Court of Appeals' opinion on direct appeal. Although adequate for the purpose of this opinion, they should not be seen as comprehensive of the evidence presented at trial.

The petitioner's co-defendant, Lamont Paris, was tried separately and convicted of similar assault and weapons offenses. *See People v. Paris*, No. 278571, 2008 WL 4276923 (Mich. Ct. App. Sept. 18, 2008). Following his own convictions and sentences, the petitioner filed a direct appeal in the Michigan Court of Appeals raising several claims of error, but his convictions and sentences were affirmed. *People v. Harris*, No. 255424, 2005 WL 3076906 (Mich. Ct. App. Nov. 17, 2005). The Michigan Supreme Court denied leave to appeal. *People v. Harris*, 474 Mich. 1125, 712 N.W.2d 502 (2006). The petitioner filed a motion for relief from judgment in the trial court raising additional claims of error, which was denied on May 29, 2007. The Michigan appellate courts denied leave to appeal. *People v. Harris*, No. 284873 (Mich. Ct. App. July 22, 2008); *People v. Harris*, 482 Mich. 1187, 758 N.W.2d 565 (2008). The petitioner also filed a second motion for relief from judgment in the trial court raising the same claim presented on habeas review, which was

-2-

denied on June 2, 2009.  The Michigan appellate courts denied leave to appeal.  *People v. Harris*, No. 296666 (Mich. Ct. App. July 21, 2010); *People v. Harris*, 488 Mich. 1046, 794 N.W.2d 587 (2011).  The petitioner thereafter filed the present petition.

II.

Promptly after the filing of a petition for a writ of habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.  No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State.  *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

The petitioner asserts that he is entitled to habeas relief because "new evidence shows perjury may have been committed by the forensic technician/expert witness" who testified at trial about the gunshot residue evidence.  In support of his claim, the petitioner relies upon the closing

-3-

of the Detroit Police Crime Laboratory and the Michigan State Police investigation which found a 10% error rate in firearms cases processed by that laboratory.

To qualify for relief under 28 U.S.C. § 2254, the petitioner must show that  the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).  Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). That standard of review is highly deferential and requires this Court to review state court decisions with "deference and latitude." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 785 (2011).  "A state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Id*. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The petitioner first raised his latest issue in his second motion for relief from judgment before the state courts.  The trial court denied the motion, stating:

> MCR 6.502(G)(1) states that after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction.  A second or subsequent motion may be filed[] if there is a retroactive change in the law that occurred after the first motion or a claim of newly discovered evidence that was not discovered before the first such motion.  MCR 6.502(G)(2).  Accordingly, this Court finds defendant's arguments to be without merit, as his allegations lack any direct nexus to his case.  As such defendant has not shown his case prejudiced pursuant to MCR 6.508D(3)(a) & (b).  Moreover, defendant's arguments do not demonstrate jurisdictional defects or present retroactive changes in the law, which would entitle

-4-

defendant to file a second motion for relief from judgment.  Therefore, defendant's
2nd Motion for Relief from Judgment is DENIED.

Order dated 6/2/09, attached to Petition.  The Michigan Court of Appeals denied leave to appeal

because "the defendant has failed to meet the burden of establishing entitlement to relief under MCR

6.508(D)."  Order dated 7/21/10, attached to Petition.  The Michigan Supreme Court denied leave

to appeal "because the defendant's motion for relief from judgment is prohibited by MCR

6.502(G)."  *People v. Harris*, 488 Mich. 1046, 794 N.W.2d 587 (2011).

The state court's decision identified as an exception to the second-motion bar the ground that

newly discovered evidence might justify relief, and then determined that the motion lacked merit.

The petitioner's first task in challenging that ruling is to identify a Supreme Court case that clearly

established an applicable constitutional rule.  That requirement is easily satisfied here.  The United

States Supreme Court has made clear that the "deliberate deception of a court and jurors by the

presentation of known and false evidence is incompatible with the rudimentary demands of justice."

*Giglio v. United States*, 405 U.S. 150, 153 (1972) (internal quotation marks omitted).  It is well-

settled that "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair,

and must be set aside if there is any reasonable likelihood that the false testimony could have

affected the judgment of the jury."  *United States v. Agurs*, 427 U.S. 97, 103 (1976) (footnote

omitted); *see also Napue v. Illinois*, 360 U.S. 264, 271 (1959); *Coe v. Bell*, 161 F.3d 320, 343 (6th

Cir. 1998).  A habeas petitioner bears the burden of proving that the disputed testimony constituted

perjury.  *See Napue*, 360 U.S. at 270.  To prevail on a claim that a conviction was obtained by

evidence that the government knew or should have known to be false, a petitioner must show that

the statements were actually false, the statements were material, and the prosecutor knew that the

statements were false.  *Coe*, 161 F.3d at 343.

-5-

The state court never articulated on the record a rationale that discussed Supreme Court precedent or the elements of the test established by *Giglio*, *Agurs*, and *Napue*, but the absence of such reasoning does not dilute the degree of deference this Court must accord the state court's ultimate ruling. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784.

This Court cannot say that the state court unreasonably applied the Supreme Court's cases by determining that the petitioner's newly discovered evidence claim was "without merit." The petitioner did not make a showing on all of the required elements of the constitutional test for demonstrating a due process violation. Although William Steiner's expert testimony certainly was material, the record before this Court does not suggest at all that he provided false testimony or that the prosecutor purposefully elicited false testimony. As discussed by the state trial court, the petitioner has not shown any connection between the investigation or closing of the Detroit Police Crime Laboratory and his own criminal case. He has offered no evidence or facts to show that Steiner's gunshot residue testimony was actually false or that the prosecutor intentionally presented false testimony. Rather, the petitioner makes several generalized, speculative, and unsupported allegations in his pleadings that the well-known and widely-publicized problems experienced at the Detroit crime laboratory cast some sort of shadow on the reliability of the evidence in his case. However, conclusory allegations without evidentiary support do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also*

-6-

*Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a sufficient basis to hold an evidentiary hearing in habeas proceedings). Because the petitioner has not provided adequate factual support for his allegations of unconstitutional conduct, he fails to state a claim upon which habeas relief may be granted. His petition must therefore be denied.

III.

The Court concludes that the petitioner is not entitled to habeas relief on the single claim presented. The state court decisions denying relief on that claim were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 28, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 28, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---