UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHASHI HARRIS,

               Petitioner,

                                              Case No. 11-14169
v.                                                  Honorable David M. Lawson

MARY BERGHUIS,

               Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner filed a petition for a writ of habeas corpus on September 22, 2011. On October 28, 2011, the Court entered an opinion and order denying the petition, determining the petitioner had not demonstrated that he was entitled to relief based on his claim that perjury may have been committed at his trial. On this basis, the Court entered judgment against the petitioner.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of*

*Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists could not debate whether the petitioner has met his burden of demonstrating that evidence presented at his trial was actually false or that the prosecutor knew of this falsehood. *See Napue v. Illinois*, 360 U.S. 264, 270 (1959); *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998). Therefore, the Court will deny a certificate of appealability on this issue.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED** on the petitioner's claim that perjury may have been committed at his trial.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: October 28, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 28, 2011.

s/Deborah R. Tofil  
DEBORAH R. TOFIL

---